UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIVIAN BROWN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:20-cv-735

Hon. Hala Y. Jarbou

## ORDER

This is an action for review of the Commissioner of Social Security's denial of Plaintiff's claim for disability insurance benefits. The magistrate judge issued a Report and Recommendation (R&R, ECF No. 23) recommending that the Court affirm the Commissioner's decision. Before the Court are Plaintiff's objections to the R&R (ECF No. 24). For the reasons herein, the Court will deny the objections and adopt the R&R.

### I.  STANDARD

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Furthermore, as the magistrate judge recognized, this Court's review of the Commissioner's decision "is limited to determining whether the Commissioner applied the proper

legal standards and whether there exists in the record substantial evidence supporting that decision." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224-25 (6th Cir. 2019).

## II. OBJECTIONS

Plaintiff first objects to the magistrate judge's recommendation that the administrative law judge's (ALJ) determination regarding medication side effects were supported by substantial evidence because Plaintiff argues that the ALJ provided no record or evidentiary support for his ultimate residual functional capacity (RFC) determination that Plaintiff would be off-task five percent of the workday due to her medication side effects. Particularly, Plaintiff points to the opinions of Dr. Debra Farrell, Ph.D., Plaintiff's treating psychologist, and Dr. Arthur Ronan, D.O., her primary care physician, that Plaintiff would be off task twenty percent or more of the workday.

First, as further discussed below, the ALJ found that the opinions of both doctors were unpersuasive. Second, the magistrate judge addressed this issue by pointing out that, like the ALJ in *Bakewell v. Commissioner of Social Security*, No. 2:16-cv-21, 2018 WL 1578396 (W.D. Mich. Apr. 2, 2018), the ALJ here had made similar findings on which the five percent determination was based. *See id.* at *7-8. The ALJ had made those findings after discussing Plaintiff's treatment providers' statements regarding her mental health during examinations and considered her treatment history, as compared to her claimed restrictions. (ECF 12-2, PageID.55-57.) The Court agrees with the magistrate judge that the ALJ sufficiently supported his finding and is not required to explain his five percent finding in minute detail. (*See* R&R, PageID.1235.)

Several of Plaintiff's objections following are related. Essentially, Plaintiff objects to the magistrate judge's treatment of the ALJ's failure to explain why he rejected Dr. Edward Cook's findings and opinion. Plaintiff argues that this lack of explanation is in violation of proper procedure and cannot be harmless error. In support, Plaintiff points to SSR 96-8p that "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment

conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184 (S.S.A. 1996). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions[.]" 20 C.F.R. § 404.1513(a)(2). The magistrate judge found that Dr. Cook's report did not qualify as a medical opinion under this definition, and therefore, the ALJ was not required to explain how he considered Dr. Cook's report. Plaintiff's objection does not address this finding. This Court agrees with the magistrate judge that the ALJ was not required to articulate his assessment of Dr. Cook's report because it does not qualify as a medical opinion. The Court will also overrule Plaintiff's objection to the magistrate judge's findings that the ALJ's determinations regarding Plaintiff's impairments were supported by substantial evidence as Plaintiff's argument relies on Dr. Cook's report and does not otherwise articulate how the ALJ's determination was not supported by substantial evidence.

Last, Plaintiff objects to the magistrate judge's statement that Plaintiff failed to argue that the ALJ's assessment of Dr. Farrell and Dr. Ronan's opinions were not supported by substantial evidence. However, other than a statement in the last argument heading of Plaintiff's Initial Brief, Plaintiff does not expand on the claim that the ALJ's assessment of these doctors' opinions were not supported by substantial evidence. (Pl.'s Initial Br., ECF No. 18, PageID.1188.) Plaintiff argues that Dr. Farrell and Dr. Ronan's opinions are consistent with Dr. Cook's, but this does not demonstrate that the ALJ's treatment of their opinions is not supported by substantial evidence. The R&R describes how the ALJ found Dr. Farrell's opinions unpersuasive because of inconsistencies with the opinion of Dr. Rishi Mahabir, D.O., Plaintiff's treating psychiatrist, with Dr. Ronan's, as well as with the consultative examiner's findings. Similarly, the ALJ found that Dr. Ronan's opinion was unpersuasive because it was inconsistent with overall medical evidence,

including his own findings, and at odds with the consultative examiner's findings.  Plaintiff does not address this in her Initial Brief and as such, the magistrate judge pointed out that "Plaintiff does not argue otherwise." (R&R, PageID.1240.)  The Court agrees that the ALJ's assessment of Dr. Farrell and Dr. Ronan's opinions is supported by substantial evidence.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 24) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 23) is **APPROVED** and **ADOPTED** as the opinion of the Court.

A judgment will enter consistent with this Order.

Date:   February 17, 2022                          /s/ Hala Y. Jarbou
                                                                HALA Y. JARBOU
                                                                UNITED STATES DISTRICT JUDGE